## DAVID *vs.* ELOI ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

In an action against a firm, when it is pleaded as an exception that all the members are not made parties, the party making the exception must set out all the members who compose it.

The obligations of a joint owner of a vessel are more real than personal, and depend on the amount of interest he has in the vessel, not on an obligation, *in solido,* as joint owner, whether he is bound for the whole amount of the debt contracted by the master

The bare circumstance of persons being joint owners of a boat does not make them responsible, *in solido*; but if they are associated together, for the purpose of carrying personal goods for freight or hire, they are responsible jointly and severally.

Parties trading together are bound by the character in which their acts present them to the world.

The facts are stated in the opinion of the court delivered by PORTER, J.

The defendants are charged in the petition to be jointly and severally responsible to the plaintiff for various articles furnished to the steamboat Stranger, on the ground that they were owners of the boat, and connected in a commercial partnership "in the ownership of said steamboat, and for carrying personal property therein for freight and hire; the said steamboat being employed in the transportation of all such freight or passengers as might offer to be transported or carried therein."

To this demand two principal grounds of defence have been relied on. The first, as to the regularity of the proceedings; the second, as to the extent of the responsibility of the defendants as owners of the boat.

I. It was pleaded in the court below, that the plaintiff "must make all the joint owners of the steamboat parties to the suit." If the principle invoked by petitioner, be true, and joint owners of a steamboat are to be considered as partners in a commercial firm, then there can be no doubt all must be made defendants. But as the names of the members of the firm are presumed to be more within the knowledge of the copartners than of a stranger who deals with them, it is required, when an exception of this kind is relied on, that the party making it should set out all the persons who compose the firm. It often happens that partners are latent, or what are commonly sleeping partners. No one knows them but those with whom they are are associated. Were the rule otherwise, the exception might be repeated again and again, and the progress of the suit delayed. In this case the defendants did not state the names of the other owners of the boat, and their neglect to do so, is not in our opinion cured by their showing there was evidence of public record by which the plaintiff might have obtained a knowledge of all those who owned the boat. The plaintiff had a right to require such a special allegation of their names as would have precluded the defendants from renewing the objection.

On the merits the defendants have relied on the case of *Kimbal* vs. *Blanc et al.* as deciding the question now at issue between the parties. The plaintiff insists, the present suit offers distinct and different grounds for consideration, which take it out of the authority of that decision; and the correctness of the decision itself has been impugned, and the principles on which it was rendered have been very freely and satisfactorily examined.

In the opinion delivered in that case, the court took occasion to say, that as to the law previous to the adoption of the Louisiana Code we were not left in doubt, since the decision in the suit of *Carrol* vs. *Waters.* It was there settled joint owners of steamboats were only responsible for their *virile* share.

That case was decided on the definition given in the Code of Louisiana of a particular partnership, and it is so expressly

EASTERN DIS.
*June,* 1832.

DAVID
*vs.*
ELOI ET AL.

In an action against a firm, when it is pleaded as an exception that all the members are not made parties, the party making the exception must set out all the members who compose it.

stated in the opinion.   The majority of the court being unable then, as they are now, to distinguish between the joint owners of a steamboat, and the joint owners of a house or of a plantation.   It is an association which relates to a specified thing, and to the use to be derived therefrom.   *C. Code,* 390, *art.* 12.

The correctness of the construction was supposed to be fortified by a reference to the rules prevailing in the greater number of commercial countries in relation to the responsibility of joint owners.   And so it appears to be.   For after all that has been said on the argument of this cause, it is quite clear they are not responsible *in solido*, as they were in the Roman law.   By the statutes of the majority of the commercial nations of Europe, owners of vessels are discharged from all responsibility by surrendering their interest in them. This court does not profess to understand, how the part owner of a ship who can free himself from responsibility for a debt which may be ten times as great as his share in the vessel, by abandoning that share to the creditor, can be considered as personally responsible *in solido* for the whole debt.   It thinks with *Emerigen,* that his obligation is more real than personal; and that it depends on the amount of interest he has in the vessel, not on an obligation *in solido* as joint owner, whether he is bound for the whole amount of a debt contracted by the master.   *Emerigen, Traité des Assurances, vol.* 2, 454.

It remains to consider whether a change has been made in the law as it stood previous to the adoption of the late amendments to our code.

By the 2796th article of the Louisiana Code, it is provided that an association for the purpose of carrying personal property for hire in ships and other vessels, is a commercial partnership.   In the case of *Kimball* vs. *Blanc,* we decided that the bare circumstance of persons being joint owners of a boat did not make them responsible *in solido*, and this is still the opinion of the court; because men may become joint owners of a boat for other purposes than carrying personal property for hire.   She may be bought on speculation with an intention of selling her again.   She may, as was said in the opinion

*The obligations of a joint owner of a vessel are more real than personal, and depend on the amount of interest he has in the vessel, not on an obligation in solido as joint owner, whether he is bound for the whole amount of the debt contracted by the master.*

*The bare circumstance of persons being joint owners of a boat does not make them responsible in solido.   But if they are associated together for the purpose of carrying*

delivered in the case of *Kimball* vs. *Blanc*, be chartered out, and while she remains joint property never be used to carry goods. In these and other cases which may be supposed, there is no association for transporting personal property for hire. From the argument in this cause, we suppose it has been understood, the court in the case alluded to settled the principle that joint owners who used the boat in carrying the goods for hire, were not responsible *in solido*. The general reasoning in that opinion, which went further than was necessary for a decision of the case, may have furnished some grounds for that belief, but nothing was further from our intention; so far from it, a contrary intimation was thrown out. It was there said "owners would perhaps be bound *in solido*, if they held themselves out to the community as partners in the carrying trade, but the bare circumstance of their being joint owners cannot have that effect." The case of *Kimball* vs. *Blanc*, came before the court on a judgement which confirmed one by default. No evidence appeared on record. Errors of law were assigned, and the case presented on the allegations in the petition. In examining them, in order to ascertain whether they justified the decree of the inferior court, we found it stated that the defendants were joint owners of a boat, and as such, responsible *in solido* for disbursements and advances made by the petitioner for the use of the boat. Under such an allegation, evidence could not have been legally given in the absence of the defendant, that there was a responsibility in consequence of the owners having used the boat in carrying personal goods for hire. So that the naked question was presented to the court, whether joint owners of a boat, as such, were bound *in solido*. We thought not, and of the correctness of our conclusion we entertain no doubt, the case being absolutely destitute of either allegation or proof of the only circumstance which could make joint owners of a ship responsible jointly and severally.

The remaining question is, whether the association in this instance, was for the purpose of carrying personal goods for hire. There is no evidence the owners made any formal

agreement to that effect, but it is proved they did use the boat for that purpose, and that the debt was contracted for her supplies while engaged in that trade. The general rule we understand to be, that parties trading together, are bound by the character in which their acts present them to the world, no matter what may be the agreement between themselves. If two or more entered into partnership for a plantation, and afterwards bought and sold merchandise, they would be bound *in solido* to those who contracted with them in relation to the business they were actually engaged in. This point was decided in the case of *Jackson et als.* vs. *Porter*, 8 *Martin*, *N. S.* 200. In this instance, as the defendants employed the boat in carrying personal goods for hire, they must be considered as associated for that purpose, and in virtue of that association they are bound jointly and severally. Whether they first enter into partnership to carry goods for hire, and then buy a vessel to enable them to do so, or commence by buying the vessel and then carry goods for hire, their obligations appear to us the same.

(Judgement amended on the 10th. Vide *minutes of that day*.)

"It is ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed, and that the plaintiff have judgement against the defendants Baptiste Eloi and Elisé Rillieux, for the sum of seven hundred and seventy-six dollars and nineteen cents, for articles furnished whilst he was partner, the appellee paying the costs of the appeal, those of the court below to be borne by the appellants."

*Duncan* and *Roselius*, for appellants.     *Slidell*, for appellee.