## Alvarez Fisk *v.* Samuel Friend, Executor.

The signature of the appellant is not necessary to the appeal bond. His obligation to discharge any judgment rendered against him on the appeal, results from the judgment itself.

The provision of art. 984 of the Code of Practice, requiring the holder of any claim for money against a succession to present it to the curator or executor before commencing an action, is like the amicable demand to be made of a debtor before suit. Its omission may prevent the recovery of costs, but not that of the debt itself.

Appeal from the Court of Probates of Claiborne, *Peets,* J.

Martin, J. The defendant was sued on a judgment rendered, in Mississippi, against his testator, and pleaded the general issue. There was judgment as in case of nonsuit, and the plaintiff has appealed. The defendant prays for the dismissal of the appeal, on the ground that the bond is not signed by the appellant, nor by any person for him, and is not executed in conformity with the order of the judge. The bond appears to be signed by D. L. Evans, for the appellant, as his attorney. We have held that the signature of the appellant is not necessary to the regularity of the appeal; for his obligation to discharge any judgment rendered against him on the appeal results from the judgment itself, and need not be fortified by the weaker one resulting from the bond, which appears, in the present case, to be in perfect conformity with the judge's order. The appeal must, therefore, be sustained.

On the merits, the plaintiff introduced the transcript of a record and judgment obtained by him against the defendant's testator, in the State of Mississippi. The suit was brought on a promissory note, and establishes the plaintiff's claim.

It has been contended, in this court, that judgment of nonsuit was correctly given against him, because he brought the present suit without having first submitted his claim to the executor for his approbation. The application to the executor for this purpose, is like the amicable demand to be made of the debtor before suit be brought. The want of it ought not to prevent the recovery of the claim, although it may prevent that of the costs.

It is, therefore, ordered, that the judgment be annulled, and that the plaintiff recover from the defendant the sum of two thousand

eight hundred and sixty-four dollars and fifty-two cents, with interest at the rate of eight per cent per annum, according to the laws of the State of Mississippi, from the 6th of October, 1840, with costs, in this court, and that he pay those in the court below.

This case was submitted, without argument, by *Evans* and *Roysdon*, for the appellant, and *Brent* and *Downs*, for the defendant.