## Succession of George B. Ogden—Samuel C. Ogden, Administrator, and another, Appellants.

A creditor of a succession, having a special mortgage, may require the sale of the mortgaged property to be made *for cash*, provided its appraised value be obtained. In this respect his wish must always prevail over that of the other creditors. C. P. 990, 991, 992.   C. C. 1163.

Where an administrator has been appointed to a succession, the widow in community, and the tutrix of the minors, who are necessarily beneficiary heirs, have no right to interfere, and have nothing to claim until the debts of the estate are paid, and the administration legally terminated.   The sale of the property of such an estate for the payment of its debts, is not subject to the formalities prescribed for the alienation of the property of minors, the beneficiary heir having but a residuary interest in the estate, which can only be ascertained by a full administration. C. C. 1048, 1051.

Administrators are placed by law on the same footing as curators of vacant estates. They have the same powers, and are subject to the same duties and responsibilities.

Appeal from the Court of Probates of New Orleans, *Bermudez*, J.

*Micou*, for the plaintiff in the rule.

*F. B. Conrad*, for the appellants.

Morphy, J.   J. P. Benjamin, on showing to the court below that he was a creditor of the succession of the late George B. Ogden, in the sum of $1,216 67, and that the payment of his claim was secured by a special mortgage and vendor's privilege, on the undivided half of four lots of ground in the suburb Annunciation, obtained a rule on the administrator of the succession, to show cause why the mortgaged property should not be forthwith sold for cash, by the Register of Wills, to pay and

satisfy said claim.   On a hearing of the rule, the sale prayed for was ordered to be made for cash, after the usual advertisements.   From this order, the administrator, and Rebecca Ogden, widow in community and natural tutrix of her minor child, the issue of her marriage with the deceased, have appealed.

This case has been submitted to us without argument.   No points having been filed, we are unaware of the ground on which the order of the judge of probates is complained of, or its legality doubted.   It appears to us authorized by articles 990, 991 and 992 of the Code of Practice.   The first of these articles makes it the duty of the judges of probate, on the application of any creditor of a vacant succession, to cause, on the requisite advertisements being made, so much of the property of said estate as is necessary to pay the debts of the same, which may be due, to be offered for sale and sold at public auction, to the highest bidder, for cash, if the creditor requires it, provided the appraised value be obtained, &c.   Article 991 gives the same rights to creditors whose debts are not yet due, and provides that, in such a case, the sale must be made on such terms of credit as will correspond with the falling due of the several claims of the creditors; and article 992 declares, that the principles contained in the two preceding articles shall apply to all successions accepted with benefit of inventory, whether the heirs are minors or of age, and to all successions administered by administrators.   These articles, it is true, contemplate that, on the demand of one or more creditors, the administrator must sell a sufficiency of property to pay all the debts of the succession, while, in the present case, the appellee has prayed for, and the judge has ordered only the sale of a particular piece of property to pay a particular debt; but the applicant had a special mortgage on the property, and the record does not inform us whether there are other debts due by the estate: but even if there were any, this court held, in the case of the *Succession of William Porter* (5 Robinson, p. 96), that mortgage creditors of a succession, though it be insolvent, are not bound to wait; that they may require the sale of the mortgaged property to be made for cash, provided its appraised value be obtained; and

that their wish, in this respect, must always prevail over that of the other creditors.

When an administrator has been appointed to a succession, the widow in community, and the tutrix of the minors, who are necessarily beneficiary heirs, have no right to interfere, and have nothing to claim until the debts of the estate are paid, and the administration of it has legally terminated. The sale of the property of such an estate for the payment of debts is not subject to the rules and formalities prescribed for the alienation of minors' property as such, the beneficiary heir having but a residuary interest in the estate, which can be ascertained only by a full administration. The law places administrators on the same footing as curators of vacant estates, and establishes for them the same powers, duties, and responsibilities. Civil Code, arts. 1048—1051. *Towles' Administratrix* v. *Weeks et al.*, 7 La. 315. *Poultney's Heirs* v. *Cecil's Heirs*, 8 Ib. 409. *Lawson and wife* v. *Ripley*, 17 Ib. 246.

*Judgment affirmed.*