## Dubuch et al. *v.* Wildermuth, Administratrix, &c.

The presenting of a claim to the representative of a succession is in the nature of an amicable demand, and is governed by the same rules.

DUBUCH
*v.*
WILDERMUTH.

The failure to make an amicable demand is no ground for dismissing the proceedings, and no bar to a recovery; and unless the want of such demand be pleaded *in limine litis*, proof that it was not made is not required.

The court having jurisdiction in the matter of a succession may order so much of the property to be sold, at the instance of a debtor, as may be necessary to satisfy his demand. Such an order may be applied for by rule; it is not necessary that the proceeding should be by petition.

Where a claim against a succession is liquidated, the creditor is not required to institute an action in the ordinary form against the succession to enforce payment; he may proceed summarily by rule. C. P. 991, 992.

APPEAL from the District Court of Jefferson, *Clarke,* J. *Castera,* for the plaintiffs. *Conklin,* for the appellant. The judgment of the court was pronounced by

KING. J. The plaintiffs, who are mortgage creditors of the *succession of A. Schneider,* took a rule upon the defendant, to produce in court her bank-book as administratrix, and to present an account of her administration; and, in the event of not exhibiting funds in her hands to an amount sufficient to pay their demand, required her to show cause why a sale should not be made of property of the succession for that purpose. The defendant failed to produce her bank-book, or to render an account, and the rule was made absolute. She has appealed, and contends: *first,* that the proceeding by rule is irregular, and should have been by petition and citation; *secondly,* that the plaintiffs have failed to show that their claim was presented to the administratrix prior to the commencement of the proceedings, which it is contended was a prerequisite to a recovery.

The second objection was not made in the court below. The presentation of a claim to the representative of a succession has been repeatedly held to be in the nature of an amicable demand, and to be governed by the same rules. The failure to make it may involve the plaintiff in costs, but is no ground for dismissing the proceedings, and no bar to a recovery. Unless the want of amicable demand be specially pleaded *in liminie litis,* proof that it was made is not required. 3 Rob. 264. 1 Rob. 391. 4 La. 106.

The judge is authorized, at the request of a creditor, to order so much of the property of the succession to be sold, as may be necessary to satisfy his demand. We have been referred to no law which prescribes a petition as the only mode by which this application may be made. The claim of the plaintiffs is liquidated, and, in such cases, the creditor is not required to institute an action in the ordinary form against a succession to enforce payment, but may proceed summarily by rule. C. P. arts. 991, 992. 5 Rob. 98. 10 Rob. 458. The order, in the present instance, was taken contradictorily with the administratrix, after due notice, and full opportunity to oppose any objection that might exist to a sale.

The administratrix appears to us to have been interposing unnecessary obstacles to the payment of a just demand, and to have taken this appeal more for purposes of delay than to subserve the ends of justice. The damages prayed for would have been granted, if the application had been seasonably made.

*Judgment affirmed.*