IiiSLEY, J.
Joseph Y. Yarborough died about the year 1852, leaving a widow, now Mrs. Sizemore, one of the plaintiffs, and several minor children, issue of their marriage, of whom the plaintiffs are the co-tutors, in which capacity they institute the present petitory action against the defendants.
The land now claimed formed a part of the separate estate of the deceased Yarborough, and was inherited, as it is represented, by his children, in whose behalf the present suit is brought.
The defendants answered separately; but they all set up the same title to the land claimed under an adjudication at a probate sale provoked by the plaintiffs, co-tutors of the minors, to pay a judgment which they represented to be due to them by the estate of Yarborough.
There was a judgment in the Court below in favor of the plaintiffs, and the defendants have appealed.
The land in controversy, called the “Home tract,” was adjudicated at a probate sale made on the 26th January, 1849, under and by virtue of a decree of the District Court dated the 22d December, 1858, to Mrs. Martha E. Ratliff, whose title the defendants hold, and who, as it is stated in the proces-verbal and sale, complied with the terms of sale.
This adjudication, and the proceedings and decree upon which it rests are, it is contended by the plaintiffs, absolute nullities, and conveyed no title whatever to the purchaser.
1st. Because the basis of the decree was the deliberations of the family meeting held in behalf of the minors, “that a specific sum, to-wit: twenty-five hundred dollars, was the price for the land definitely fixed by the meeting, by private contract before the day of sale.”
2d. Because no specific sum was stated or fixed in ths proces-verbal of sale as the price of the land.
On the first ground it may be observed, that although the family meeting, had at the instance of the co-tutors, recommended the sale of the land as advantageous for the minors, and had fixed a definite price for which it should be sold on certain terms and conditions, that Was unimportant and might have been dispensed with, as the sale was ordered to pay debts of the succession of J. Y. Yarborough. Canter vs. McMannus, 15 An. 676.
The beneficiary heirs had only a residuary interest, and the formalities for alienation of minors’ property was not required. 9 An. 107; 11 Rob. 508; 10 Rob. 457; C. C. 1042, 48, 51; 2 Hen. Dig. 1496, §10.
The purchaser at a probate sale, which is a judicial sale, is not bound to look beyond the decree recognizing its necessity. The jurisdiction of the Court is an essential enquiry, but the truth of the record, concerning matters within its jurisdiction, cannot be disputed. See the numerous authorities collected in 1 Hen. 924, ?¿ 18; 2 Hen. 1494, g 5.
The purchaser, Mrs. Ratliff, comes fully within this rule, and we will therefore restrict our enquiry to the second ground of nullity urged against the probate sale, which is, that it lacked one of the essentials to such .a contract, to-wit: a fixed and definite price.
The decree of the 22d December, 1858, in virtue of which the sale was made, was rendered at the instance of the co-tutors who, in their petition, prayed for the sale of the two tracts belonging to the succession, the *126 Seely tract and the Home tract, (which is the one claimed) to pay debts. The Home tract was adjudicated to Mrs. Martha E. Ratliff, as the last and highest bidder, for twenty-five hundred dollars, ($2,500); although it is strenuously contended thatno price is fixed or stated in the adjudication.
It is true that the price, viz: two thousand five hundred dollars, is not particularly stated in the proces-verbal of adjudication, but there cannot be a particle of doubt, that that was the price.
The total amount of the sales of both tracts is stated in the proces-verbal to be four thousand dollars, and the price of the Seely tract is put down therein at fifteen hundred dollars, and this necessarily fixes the price of the Home tract at two thousand five hundred dollars. Id cerium esl quod cerium reddi potest. One-fourth of this sum was required to be paid in cash, which was paid by the purchaser, who otherwise complied with the terms of the adjudication, as it is declared in the proces-verbal.
There is no reason, therefore, why the defendants should be disturbed in their title and possession to the property claimed from them.
It is therefore ordered, adjudged and decreed that the judgment of the District Court, be annulled, avoided and reversed; and it is further ordered, adjudged and decreed that judgment be, and it is hereby rendered in favor of the defendants and against the plaintiffs, with costs in both courts.
Rehearing refused.