JULIUS MULLER v. DAVIS-WOOD LUMBER CO., ET AL., Appellants

(June 8, 1925, Opinion and Decree)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Parties—Par. 27.**
When in an action against two defendants they except that they are commercial partners and must be sued in the name of the partnership, they must give the name of the partnership.

2. **Louisiana Digest—Partnership—Par. 22, 98.**
Parties who carry on business under an assumed name other than their names must conform to Act 64 of 1918, p. 97,

or else cannot demand that they shall be sued under the assumed name.

**3. Louisiana Digest—Partnership—Par. 163.**
After the dissolution of a commercial partnership each partner may be sued separately in his individual name.

**4. Louisiana Digest—Partnership—Par. 129, 139; Action—Par. 81, 82.**
When a defendant dies prior to judgment, the judgment is a nullity and the case must be reopened for a new trial.

Appeal from First City Court. Hon. W. V. Seeber, Judge.

This is a damage suit resulting from a collision of automobiles.

Judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

John J. Darrieux, W. R. Kinsella, attorneys for plaintiff and appellee.

Ernest J. Robin, Spearing, Miller & Mabry, John D. Schmidt, Jr., attorneys for defendants and appellants.

CLAIBORNE, J. The plaintiff alleged that while his touring car was parked on the downtown side of Toulouse street, between Salcedo and Gayoso, in front of the building No. 3007 Toulouse street, on September 21, 1923, at about 12 o'clock noon, an auto truck going in the direction of the river (lake) on the downtown side of Toulouse street, owned by the Davis-Wood Lumber Co., and operated by its employee, at an excessive rate of speed, struck petitioner's car in the rear and damaged it, under the following conditions: While the truck was going in the direction of the river (lake) a Ford coupe owned by Henry Nelson and Mrs. J. B. Jacobs, proprietors of the Crescent Pottery Works, and operated by L. Nelson, their employee, going at an excessive rate of speed on the downtown side of Toulouse street in the direction of the river (lake) struck the truck in the rear just as it reached petitioner's car, throwing the truck up against petitioner's car and damaging it in the rear to the extent of $298.00.

Plaintiff prays for judgment against the Davis-Wood Lumber Company and against Henry Nelson and Mrs. J. P. Jacobs, proprietors of the Crescent Pottery Works, in solido, for $298.00.

The Davis-Wood Lumber Co. admitted that plaintiff's car was injured but denied any fault on its part. Further answering, it averred that its truck, heavily loaded with lumber, was proceeding out Toulouse street in the direction of the lake at a speed of ten or twelve miles an hour; that while its truck was about to pass the plaintiff's car a Ford coupe coming from the rear and going out Toulouse street in the direction of the lake, at an excessive rate of speed, without any warning to defendant, attempted to pass defendant's truck and in so doing collided with the hub on the left front wheel of defendant's truck and swerved the front wheel of defendant's truck, and thus caused it to collide with plaintiff's car.

The defendants, "Henry Nelson and Mrs. J. B. Jacobs, proprietors of the Crescent Pottery Works," excepted to plaintiff's petition on three grounds: 1st, that it disclosed no cause of action against them; 2nd, that there was a misjoinder of parties; and 3rd, that the petition was too vague and indefinite.

The exceptions were overruled. The defendants, Nelson and Jacobs, then filed a general denial as an answer.

There was judgment for plaintiff as prayed for against all defendants.

An application for a new trial was made on the allegation that, anterior to the judgment, Mrs. Jacobs had died. The application was refused.

The Davis-Wood Lumber Co. and Henry Nelson appealed.

## EXCEPTIONS

1st. The first exception was couched in mysterious and impenetrable language, for it failed to disclose why the petition set forth no cause of action, and for that reason was entitled to only little consideration. But upon the argument of the case the point was· urged that the defendants were commercial partners doing business under the name of the "Crescent Steam Pottery Works," and that they should have been sued in that partnership name.

The petition did not allege that the defendants were commercial partners nor that their partnership was known by any partnership name.

The defendants rely upon the case of Wolf vs. N. O. Tailormade Pants Company, Limited, 52 La. Ann. 1357, 27 South. 893. But in that case the plaintiffs alleged themselves to be commercial partners dealing under a firm name. Besides, they were plaintiffs, and exceptors in this case are defendants. The defendants here should have alleged that they were commercial partners and should have given the name under which they traded. But they excepted in the names in which they had been sued.

In an action against a commercial firm defendant who pleads that all the members are not made parties, must set forth who they are. David vs. Eloi, 4 La. 106.

"An exception that plaintiff is not suing under his true name must state under what name he can sue." John Gardiner vs. Benjamin Cross, 6 R. 454.

An exception by defendant who does not disclose his true name, that the one stated in the pleadings is erroneous, may be overruled when the case is tried on its merits, he not objecting nor applying for a continuance. W. D. McCoy vs. A. Sanson, Estate of Carasco, 14 La. Ann. 456.

A defendant who excepts that his Christian name· is not given, must state it. So partners who except that they are not sued in the name of the partnership must give it, for it is peculiarly within their knowledge. Elam Bowman vs. McElroy and Bradford, 15 La. Ann. 663; 31 Cyc. 182-B.

But defendants argue that they carry on business under the name of "The Crescent Pottery Works" and should have been recognized and cited as such. Act 64 of 1910, p. 97, provides: "That no person or persons shall hereafter carry on or conduct or transact any business in this state under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business unless and, etc.," such person shall first file in the Register of Conveyances a certificate setting forth the name under which said business is conducted and the real names of the persons owning the business.

It is admitted that defendants have not complied with that statute, and they cannot take advantage of their violation of law to defeat plaintiff's suit. Mahoney & Co. vs. Rector, Wardens and Vestry of St. Paul's Church, 47 La. Ann. 1076, 17 South. 484.

2nd. But the rule of law invoked by the defendants is that during the existence of the partnership suit must be brought against the firm and not against the individual partners. State vs. Southern Steamship Co., 14 La. Ann. 497. This record shows that before the trial of the case one of the alleged partners, Mrs. Jacobs, died. No possible good could be subserved by remanding the case in order to cite the partnership which has long since been dissolved.

"Commercial partners after dissolution may be sued for a debt of the firm individually, or part of them only, without

the rest." Lambeth vs. Vawter, 6 R. 127 (131); Theard vs. Prieur, 1 La. Ann. 17, 138.

3rd. All persons concerned in an offense are liable in solido and may be joined as defendants. C. C. 2324; Kernan vs. Humble, 51 La. Ann. 389, 25 South. 431.

## MERITS

A reproduction and criticism of the testimony of the nine witnesses who have testified in this case would serve no useful purpose. Suffice it to say that six witnesses testify that they saw the accident and that the Nelson-Jacobs Ford ran into the Davis-Wood Lumber Co. truck and shoved it against the plaintiff's car. See Avegno vs. Hart, 25 La. Ann. 235; Lee vs. Foley, 113 La. 663, 37 South. 594.

They are Muller, Knauss, Dourroux, Faber, Wood and Cadrey. Two witnesses for the defendants, Nelson-Jacobs, namely Leonard Nelson, son of defendant and chauffeur of the Ford, and Joseph Schwem, swear that they saw the accident and that the Nelson-Jacobs Ford passed the Davis-Wood Lumber Co. truck without touching it.

The witnesses for the plaintiff outweigh in number those for the defendant and are of equal credibility.

The trial judge believed them and we believe with him that they spoke the truth.

The witness, R. H. Stansbury, testifies as to the amount of the damage.

It is therefore ordered that the judgment against the Davis-Wood Lumber Co. be reversed and set aside and that there now be judgment in its favor rejecting plaintiff's demand against it.

It is further ordered that the judgment in favor of the plaintiff, Julius Muller, against the defendant, Henry Nelson, for two hundred and ninety-eight dollars with five per cent per annum interest from September 14, 1924, till paid and for all costs of suit be affirmed.

It is further ordered that the judgment against Widow J. P. Jacobs be reversed and set aside and that a new trial be granted to her and that for that purpose that this case be remanded for a new trial.

The costs of appeal to be paid by Henry Nelson.

Judgment amended and affirmed.