331 So.2d 585 (1976)
Dorothy Kate Colclough CAMBRE
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al.
No. 10650.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Rehearing Denied May 24, 1976.
Writs Refused July 2, 1976.
*587 George R. Covert, Baton Rouge, for appellant.
Donald S. Zuber, Baton Rouge, for appellees.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Plaintiff, (Appellant), a resident of East Baton Rouge Parish, appeals dismissal of her tort action against defendants: (1) The Department of Anesthesiology of the University Hospital at Jackson, Mississippi, a Mississippi partnership (Partnership), composed of Doctors James F. Arens, Joseph Carl Gabel, Donald David Glass, Jessie G. Mullen, and Allen Tonnesen, all residents of Mississippi; (2) Dr. Joel H. Ory, a former member of Partnership, now residing in East Baton Rouge Parish, Louisiana, and; (3) St. Paul Fire and Marine Insurance Company (Insurer), medical malpractice insurer of Partnership. The trial court dismissed Appellant's action upon defendants' exceptions of lack of jurisdiction, improper venue and insufficient service of process. We affirm dismissal of Appellant's action as to all defendants except Dr. Joel H. Ory.
Appellant alleges as a cause of action that a member of Partnership negligently damaged Appellant's jugular artery during surgery on Appellant at the University Hospital, Jackson, Mississippi, on April 4, 1974, causing total paralysis of Appellant's right side.
The following operative facts are stipulated:
Insurer, is the liability insurer of the named doctors, individually and as co-partners, pursuant to policies issued in Mississippi. The alleged medical malpractice occurred in Mississippi. Partnership's domicile is in the State of Mississippi, the only state in which any of Partnership's members ever rendered medical services. It was the practice of the Partnership to render service to any Louisianan who presented himself to the hospital in Jackson, Mississippi. Partnership did not solicit business in Louisiana by advertising or any other means. At the time of surgery, Appellant's admittance chart identified Appellant as a resident of Laurel, Mississippi, listing an address, employment and referring physician in Laurel. Appellant refused to stipulate she was a resident of Mississippi at the time of surgery. Since the operation, Appellant has undergone corrective surgery in Louisiana and is presently receiving treatment in this state for her injuries. Insurer is authorized to do and does business in the State of Louisiana. Dr. Ory withdrew from the Partnership on August 15, 1974 and established both residence and domicile in Louisiana where he was living when suit was filed.
Process was served on Partnership and Dr. Ory by personal service upon Dr. Ory, individually and as Partnership representative, in East Baton Rouge Parish. Insurer was served through its legal representative, The Secretary of State, State of Louisiana.
*588 Insurer excepted to the court's jurisdiction and peremptorily excepted to Appellant's alleged right of direct action against Insurer. Additionally, Insurer filed exceptions of res judicata and collateral estoppel predicated upon dismissal of Appellant's action against Insurer filed in the United States District Court, Middle District of Louisiana, which action was dismissed on the ground that Appellant had no right of direct action against Insurer under Louisiana law.
Partnership filed declinatory exceptions of lack of personal jurisdiction, improper venue and insufficient service of process.
Dr. Ory also filed exception to the court's jurisdiction over the Partnership and excepted to the venue as being improper for an action against the Partnership. As to the suit against him personally, Dr. Ory filed exceptions of no cause of action, no right of action and non-joinder of an indispensable party in the event the court sustained the declinatory exception of Partnership.

INSURER'S EXCEPTIONS.
As noted above, Insurer filed exceptions of lack of personal jurisdiction as to the cause of action alleged, no right of direct action against Insurer pursuant to La.R.S. 22:655 (The Louisiana Direct Action Statute) and res judicata or collateral estoppel based on dismissal of Appellant's Federal Court action against Insurer. While the trial court dismissed the action against Insurer, the record does not show which exception was sustained or why.
We find the exception of lack of a right of direct action against Insurer to have been well taken. We also find the issue thus raised does not properly address itself to the question of jurisdiction vel non but rather to the procedural right to pursue Insurer directly in the courts of this state. There can be little doubt but that Insurer, being qualified to do and doing business in Louisiana, is subject to the jurisdiction of the courts of this state. The federally required "minimum contacts" to support jurisdiction on a constitutional due process basis are patently present in this instance. In this area, Louisiana has chosen to assert its jurisdiction pursuant to La.R.S. 22:985, which provides that a foreign insurer doing business in the state names the Secretary of State as its agent for service of process in all actions brought against the insurer in this state. The language of the cited statute has been declared sufficiently broad to include any action by a Louisiana resident against a foreign insurer, regardless of whether or not the action arises from business transacted in or out of the state. Morse v. Hartford Casualty Insurance Company, La.App., 301 So.2d 741; Smith v. Globe Indemnity Co., La.App., 243 So.2d 882.
Despite personal jurisdiction of our courts over Insurer, Appellant's action against Insurer must be dismissed because Appellant has no right of direct action against Insurer under the Louisiana Direct Action Statute, La.R.S. 22:655, which pertinently provides:
"This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not . . . provided the accident or injury occurred within the State of Louisiana."
The broadest application of the above statute, of which we are aware, is contained in Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398, wherein the Supreme Court held a Louisiana resident entitled to bring a direct action against an insurer if the accident occurred in Louisiana or if the policy sued upon was issued or delivered in the state. Following Webb, above, several decisions have disallowed direct action against an insurer in this state when the cause of action arose in another state and the policy sued upon was neither issued nor delivered in Louisiana. See Morse v. Hartford Casualty Insurance Company, above; Kirchman v. Mikula, *589 La.App., 258 So.2d 701; Grinnell v. Garrett, La.App., 295 So.2d 496.
Since the accident in this case occurred outside Louisiana and the policy sued upon herein was neither issued nor delivered in this state, Appellant has no right of direct action against Insurer.
Appellant notes that La.R.S. 22:655 provides that the injured party may bring suit "in the parish in which the accident or injury occurred." It is contended that the corrective surgery and treatment performed and administered in East Baton Rouge Parish is "injury" occurring in said parish and entitles Appellant to proceed directly against Insurer.
We reject this argument as unsound. We believe the phrase "accident or injury" as used in the statute means, insofar as "accident" is concerned, the act, event or circumstance which produces the harm. We believe that said phrase, insofar as "injury" is concerned, means and refers to the harm or damage which results from defendants' negligent act. Corrective surgery or treatment required to remedy or alleviate the ill effects of medical malpractice do not, in our opinion, constitute "injury" within the meaning of the term as contained in the statute in question.

THE PARTNERSHIP'S EXCEPTION OF LACK OF PERSONAL JURISDICTION
Constitutional due process provisions require that, for personal jurisdiction to attach to a non-resident defendant, there must be both a nexus between the non-resident defendant and the state of the forum, and adequate notice to the non-resident defendant predicated on a method fairly and reasonably designed to afford the non-resident actual notice of the litigation instituted against him. Since defendant Partnership is not domiciled in this state, has never been present in this state, has never resided here and has not consented to or waived its objection to the jurisdiction of our courts, the only possible nexus between this state and said defendant must be founded upon the Partnership's activities within the state as prescribed by our so-called Long-Arm Statute, La.R.S. 13:3201, which states:
"3201. Personal jurisdiction over non-residents
A court may exercise personal jurisdiction over a nonresident who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits any business, or engages in an other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(e) having an interest in, using, or possessing a real right or immovable property in this state."
Application of La.R.S. 13:3201 must stand the test of the due process clause of the United States Constitution as interpreted by the United States Supreme Court. Fisher v. Albany Machine and Supply Company, 261 La. 747, 260 So.2d 691. Valid application of such a statute must meet two basic requirements. First, does the statute encompass the particular activity or "jurisdictional act" of the nonresident over whom jurisdiction is sought to be exercised? Second, does the exercise of jurisdiction, if authorized, violate Federal due process requirements? See *590 Comment, Personal Jurisdiction over Nonresidentsthe Louisiana Long-Arm Statute, 40 Tul.L.R. 366 (1966).
The stipulated facts presented herein, render unnecessary a consideration of the due process aspects of Partnership's exception to personal jurisdiction, because La.R.S. 13:3201 does not, itself, extend jurisdiction to a non-resident defendant in Partnership's situation. As noted in Rush v. Matson Navigation Company, La.App., 221 So.2d 265, La.R.S. 13:3201 confers jurisdiction on a nonresident defendant only when one of the jurisdictional bases therein specified is found to be present and the cause of action sued upon arises from one of the enumerated jurisdictional bases.
It is clear that Appellant's injury did not arise from Partnership's transaction of any business in this state. Equally evident is the fact that Appellant's injury occurred in Mississippi from an operation performed in a Mississippi hospital. Appellant's injury did not result from a Partnership contract to supply services or goods in this state; all services rendered Appellant under her contract for the surgery were supplied and rendered to appellant in Mississippi. Defendant Partnership committed no offense or quasi offense in this state, nor did it cause Appellant injury or damage in this state by an offense or quasi offense committed elsewhere.
Appellant was either a Mississippi resident seeking medical services in her own state or a Louisiana resident seeking medical services in Mississippi from a Mississippi partnership. The alleged tortious conduct occurred in Mississippi and Appellant's injuries were sustained in that state. Louisiana's only contacts with this case are that Appellant was a resident of Louisiana when she filed suit and that Dr. Ory, a member of the Partnership at the time of the surgery, later withdrew from the Partnership and moved to Louisiana where he was personally served.
Admittedly our Long-Arm Statute was intended to take maximum advantage of United States Supreme Court decisions dealing with the due process issue herein concerned. Nevertheless, we find the statute, if applied to Partnership under the stipulated facts, would not stand the constitutional test of due process required to constitute valid service of process upon a foreign partnership. See Hall v. Lanning, 91 U.S. 160, 23 L.Ed. 271.
Having found merit in Partnership's exception to the jurisdiction over its person, it is unnecessary to consider said defendant's remaining exceptions.

DR. ORY'S EXCEPTIONS
Having sustained Partnership's dismissal herein, there remains for decision only Dr. Ory's exception of no cause or right of action against him as an individual during the existence of the Partnership and his exception of non-joinder of an indispensable party predicated upon Partnership's dismissal from this action.
It is conceded by all parties that the Partnership made defendant herein no longer exists and that its dissolution resulted from Dr. Ory's withdrawal therefrom in 1974.
As a general rule, a dissolved partnership maintains a fictional existence with respect to its past transactions and existing assets, until its affairs are wound up and completed. It is also generally held that a dissolved partnership ceases to exist as a separate entity, nevertheless, it continues to exist fictionally for the liquidation of its affairs, the performance of existing contracts, the collection of debts, the payment of its obligations and the distribution of its assets according to the partnership agreement. 68 C.J.S. Partnership § 351, page 859.
Both of Dr. Ory's exceptions are based in essence on the fictitious continuation of the partnership involved herein. Basically, *591 exceptor contends that the fictitious continuation of the partnership is equivalent to its actual existence before dissolution and, in either instance, individual partners may not be sued by creditors of the partnership unless the partnership itself is joined as a party. This position is predicated upon the applicability of La.C.C.P. Article 737.
We must first determine what law is applicable. Under the stipulated facts it is obvious that the character of Partnership, as well as the rights and liabilities of its members, are matters properly determinable under Mississippi law. While we are cognizant of our duty to take judicial note of the law of other states pursuant to La.C.C.P. Article 1391, we view the cited statute as eliminating the necessity of proving foreign law as a fact. It does not require the courts to take judicial notice of foreign law, except when the law of another state is brought to the court's attention by the record or briefs. In so concluding, we adopt the majority rule as appled by other jurisdictions in the interpretation of the Uniform Judicial Notice of Foreign Law Act, upon which our own Article 1391, above is predicated. See 23 A.L.R.2d 1437, and cases therein cited. In so holding, we also rely upon the decisions of our own courts in Pecora v. James, La.App., 150 So.2d 90, and Succession of Shadrick, La.App., 129 So.2d 606.
Neither party herein has cited or relied upon, either in brief or oral argument, Mississippi statutory or jurisprudential law. Consequently, we apply the well established presumption that the applicable foreign law is the same as the law of our own state on the subject matter in question, Welch v. Jacobsmeyer, 216 La. 333, 43 So.2d 678; Clair v. Gaudet, La.App., 144 So.2d 638; Hattiesburg Manufacturing Co. v. Pepe, La.App., 140 So.2d 449.
Upon dissolution of a Louisiana partnership, the partners become owners in indivision of the partnership assets; and, in ordinary partnerships each partner becomes liable for his virile share of the partnership debts. La.C.C. Article 2873; Johnson v. Iowa Rice Dryer, Inc., La.App., 226 So.2d 194. A dissolved partnership may be sued in its partnership name at the same places in which it was amenable to suit prior to dissolution, and service of process on a dissolved partnership may be obtained by citation in the firm name served upon a former partner. Montague v. Weil & Bro., 30 La.Ann. 50; Guess & Albin v. Ham, La.App., 183 So. 61. However, a creditor may choose to sue the partners, or any of them individually, since the liability of each partner for the partnership's obligations is fixed at the time of dissolution. Vernon Company v. Adams, La.App., 165 So.2d 541; Muller v. Davis-Wood Lumber Co., et al., 2 La.App. 359. Therefore, Appellant has a valid cause and right of action against Dr. Ory, individually, for whatever liability Dr. Ory incurred, under Mississippi law, upon dissolution of the partnership. Johnson v. Iowa Rice Dryer, Inc., above; Vernon Company v. Adams, above. Considering the partnership is no longer in existence, the venue provisions of La.C.C.P. Article 78, which provide that an action against a partner of an existing partnership, on a partnership obligation or an obligation arising out of the partnership, must be brought in the proper venue as to the partnership itself, is inapplicable herein. Consequently, under La.C.C.P. Article 42, our general venue statute, Dr. Ory may be sued, individually, at his domicile.
We find no merit in Dr. Ory's contention that La.C.C.P. Article 737 requires dismissal of Appellant's action for non-joinder of an indispensable party. Under our law, former partner of a dissolved ordinary partnership are joint obligors and therefore merely necessary parties to an action. La.C.C.P. Article 643; La.C.C. Article 2873. Non-joinder of a necessary party does not mandate dismissal of an action where the non-joined party is not subject to the jurisdiction of the court, *592 as in the present case. La.C.C.P. Article 642; Johnson v. Iowa Rice Dryer, Inc., above; Vernon Company v. Adams, above. We conclude the trial court erred in sustaining the exception of no cause or right of action and the exception of non-joinder of an indispensable party filed by Dr. Ory.
It is ordered, adjudged and decreed that the judgment of the trial court dismissing this action against defendants Department of Anesthesiology of the University of Mississippi and St. Paul Fire and Marine Insurance Company, be and the same is hereby affirmed.
It is further ordered, adjudged and decreed that the judgment of the trial court dismissing this action against defendant Dr. Joel H. Ory, individually, be and the same is hereby reversed and set aside; that said defendant's exceptions be and the same are hereby overruled, and that this matter be remanded to the trial court for further proceedings consistent with the views herein expressed, the costs of this appeal to be shared equally by plaintiff Dorothy Kate Colclough Cambre and defendant Dr. Joel H. Ory.
Affirmed in part, reversed in part and remanded.