345 So.2d 1235 (1977)
Ragna R. HUNT, Plaintiff-Appellant,
v.
FIREMAN'S FUND INSURANCE CO. et al., Defendants-Appellees.
No. 11285.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
*1236 Michael Roy Fugler, Baton Rouge, of counsel, for plaintiff Ragna R. Hunt, appellant.
John B. Noland, Breazeale, Sachse, & Wilson, Baton Rouge, of counsel, for defendant Fireman's Fund Ins. Co., appellee.
Donald T. W. Phelphs and John W. L. Swanner, Baton Rouge, of counsel, for defendant United Services Auto. Ass'n, appellee.
*1237 Before SARTAIN, COVINGTON and LOTTINGER, JJ.
SARTAIN, Judge.
The accident giving rise to this litigation occurred on July 25, 1975, in Hale County, Alabama. Plaintiff appeals from the judgment of the district court rejecting jurisdiction as to two nonresident defendants. We affirm.
Plaintiff, Ragna R. Hunt, was a guest passenger in a vehicle owned by her father, Percy S. Hunt, that was being driven at the time by John C. Lindsay, Jr., a resident of Alabama. Miss Hunt sustained serious personal injuries. Mr. Lindsay was killed.
The vehicle owned by Mr. Hunt was insured by Fireman's Fund Insurance Co. (Fireman's Fund). United Services Automobile Association (USAA) had issued a policy of liability insurance in Alabama covering Mr. Lindsay's vehicle which insured him against damages resulting from his negligence in the operation of a non-owned vehicle.
Plaintiff brought suit in the 19th Judicial District Court, Parish of East Baton Rouge, and named as defendants, Fireman's Fund, USAA, and the Estate of John C. Lindsay, Jr. (Lindsay). The instant controversy pertains solely to these latter two defendants, namely, USAA and Lindsay.
Jurisdiction over Lindsay is predicated upon two grounds: (1) Louisiana's "omnibus long arm" statute, R.S. 13:3201, et seq., and (2) nonresident attachment of property owned by Lindsay and situated within this state.
Jurisdiction over USAA is based on our direct action statute, R.S. 22:655.

JURISDICTION AS TO LINDSAY
The validity of the exception of lack of personal jurisdiction over Lindsay renders moot other declinatory and dilatory exceptions filed on behalf of this defendant.
In Cambre v. St. Paul Fire and Marine Insurance Co., 331 So.2d 585 (La.App., 1st Cir. 1976), we stated that "Our long arm statute was intended to take maximum advantage of the United States Supreme Court decisions dealing with the due process issue." However, it should be noted that the facts in Cambre are somewhat different than those found in the instant case. The only defendant permitted to stand in Cambre was one defendant (Ory) and he was a resident of Louisiana.
Nonetheless, plaintiff relies on the above language in Cambre and correctly states that the intent of the legislature in adopting R.S. 13:3201 was to accomplish just such a purpose. However, plaintiff further reasons that Lindsay is subject to the jurisdiction of the courts of this state because he knowingly undertook to drive a vehicle which he knew belonged to a Louisiana resident and was in the act of transporting a passenger whom he knew to be a Louisiana domiciliary under conditions foreseeable to him that his negligent operation would cause damage in Louisiana. We reject this effort to extend the applicability of R.S. 13:3201.
R.S. 13:3201 [§ (a) through (e)] specifies the jurisdictional bases for its application. This statute must be read in conjunction with R.S. 13:3202, which clearly provides that "When personal jurisdiction over a nonresident is based solely upon R.S. 13:3201, only a cause of action arising from acts or omissions enumerated therein may be asserted against him." (Emphasis ours)
It is obvious from a reading of the express provisions of R.S. 13:3201 that the statute provides no basis by which a Louisiana court may extend its jurisdiction to a nonresident defendant in the situation of Lindsay's estate. No activities within the state have been attributed to him. He transacted no business in the state, supplied no things or services within the state, and committed no offense or quasi offense within the state. The injuries suffered by his alleged negligent operation of the vehicle can not be said to have been caused within the state. The district court was correct as a matter of law in sustaining the exception of lack of jurisdiction over Lindsay on the basis of R.S. 13:3201. Rush v. Matson Navigation *1238 Co., 221 So.2d 265 (La.App. 2nd Cir. 1969).
Plaintiff's attempt to obtain quasi in rem jurisdiction over Lindsay must also fail. Plaintiff caused to be issued a writ of attachment pursuant to C.C.P. Art. 3541 naming USAA as garnishee. It is contended that under the policy, issued and delivered in Alabama, Lindsay is possessed of certain rights as to coverage and that these rights exist in Louisiana by virtue of USAA's authority to do business in this state. USAA moved to dissolve the attachment. Plaintiff first contends that USAA is without standing to do so. While the policy does agree to pay certain sums up to its limits and to defend Lindsay, USAA is not required to pay until its insured is cast and it is not required to defend unless its insured is required to defend. USAA's duties in this context are not to be confused with its responsibilities under actions brought directly against it under R.S. 22:655. USAA had every right to object to any effort to exercise jurisdiction over one of its policy holders and must be considered as a defendant within the meaning of C.C.P. Art. 3506 with standing to seek dissolution of the subject writ of attachment.
On at least two occasions when jurisdiction over a nonresident was attempted via attachment of a nonresident's rights under a liability insurance policy, the courts have declined to do so.
In Kirchman v. Mikula, 258 So.2d 701 (La.App. 3rd Cir. 1972), a Louisiana plaintiff involved in an accident in New Jersey, brought suit against a New Jersey resident who was insured under terms of a liability policy issued in New Jersey by an insurance company licensed to and actually doing business in Louisiana. Plaintiff attempted to attach the policy and thereby acquire an in rem judgment. Plaintiffs in that case relied, as plaintiff here does, on the New York case of Seider v. Roth, 17 N.Y.2d 111, 269 N.Y.S.2d 99, 216 N.E.2d 312, as authority for allowing such nonresident attachment.
The court in Kirchman refused to allow the attachment of an insurance policy under such conditions. It held that our Direct Action Statute makes a fund available to a plaintiff who is injured as a result of the acts of an insured; provided there are minimum contacts in Louisiana as presented in Webb v. Zurich Ins. Co., 251 La. 558, 205 So.2d 398 (1967). The court concluded that the legislature did not wish to extend the right of direct action against an insurer to a plaintiff where such minimum contacts are not present. Likewise, we feel that our ability to extend the limits under which nonresident attachment may be utilized to gain jurisdiction over a nonresident insured are defined by our Direct Action Statute and the limitations of constitutional due process as set out in Webb v. Zurich, supra.
As stated in Grinnel v. Garrett, 295 So.2d 496 (3rd La.App., 1974), writs refused, 300 So.2d 181 (La.1974):
"* * * The use of our attachment statute to gain jurisdiction over the named defendants where no such jurisdiction could exist through operation of either the Direct Action Statute (LSA-R.S. 22:655) or the Long Arm Statute (LSA-R.S. 13:3201 et seq.) would seriously test due process. It would, in effect, allow suit in all states where a liability insurer is situated, under the rationale that if present and if it owes certain obligations to defendant, it can be forced to surrender those obligations through attachment. Suit could result in the state of plaintiff's choosing with the only requirement being that defendant's insurer be licensed to do business there. Forum shopping would become a way of life."
The New York court's decision in Seider v. Roth, supra, is merely persuasive authority in Louisiana and arose in a different context from our Louisiana cases touching on the same subject. New York has no Direct Action Statute or other legislation setting limits on the authority of that state's courts to bring out-of-state defendants within the court's jurisdiction. New York courts look upon the attachment procedure as a direct action statute which in itself provides the minimum contacts necessary to allow a constitutionally valid attachment *1239 of an obligation owed the defendants by insurers present in New York. Rintala v. Shoemaker, 362 F.Supp. 1044 (D.Minn. 1973). The Louisiana Direct Action Statute adequately provides for this.
Plaintiff argues that the Kirchman and Grinnel are not binding on this court because these decisions are from another circuit. Were we inclined to tamper with these authorities, we would not do so. The Supreme Court of Louisiana in declining writs in Grinnel (above) found "no error of law". Were we to hold to the contrary, a writ by that court would be imperative since there would exist a conflict between our two circuits. Writs may be applied for in this cause and if the Supreme Court is inclined to change its views, it may do so by granting a writ herein. At least, it is afforded the choice without the necessity of granting the writ.

JURISDICTION AS TO USAA
It is undisputed that the policy of USAA was issued and delivered in Alabama and that this accident occurred in Alabama. Our jurisprudence is now well settled that under such circumstances an insurer is not subject to a direct action against it under R.S. 22:655. Webb v. Zurich, supra; Easterly v. Dynamic Enterprises, Inc., 334 So.2d 467, 470 (La.App. 1st Cir. 1976); writs refused 338 So.2d 288 (La.1976).
Accordingly, for the above reasons, the judgment of the district court is affirmed. All such costs as relate to the instant appeal are assessed against the plaintiff. All other costs are to await a final determination on the merits.
AFFIRMED.