GULOTTA, Judge.
WRIT OF MANDAMUS
In this Writ Application relator, the fire and extended coverage insurer of defendant, seeks to set aside the trial court’s judgment denying relator’s motion to dissolve a Writ of Attachment seizing the proceeds of the amount of the fire and extended coverage policy issued to C & J Carpets, Inc. This suit by L. D. Brinkman & Company, Inc. is on an open account for payment of the amount due for merchandise sold to defendant and destroyed in a fire on defendant’s premises. In a supplemental and amended petition, plaintiff alleges that relator, Sentry Insurance Company, had in existence a fire and extended coverage policy covering the destroyed merchandise sold to defendant by plaintiff. This petition further alleges that Sentry “has funds in its possession belonging to defendant” as a “result of defendant’s loss of certain assets which were insured by Sentry Insurance Company and for which defendant had made claim.” Plaintiff further alleges that C & J Carpets “is about to assign or dispose” of the proceeds of policy in defraud of its creditors.[1]
According to the relator-insurer, no claim has yet been filed by the insured, C & J Carpets, Inc., to recover the proceeds under the fire policy. Furthermore, relator asserts that the fire is under investigation for expected arson, and there exists a question whether the claim, if made, will be honored. Relator points out that it is not a debtor of plaintiff or defendant, but is only the fire and extended coverage insurer of the defendant.
In a response to the writ application, plaintiff points out that relator is not a defendant in this action and by the terms of LSA-C.C.P. art. 3506[2] relator does not have proper standing to bring a motion to dissolve the attachment.
*176 We find no merit to this contention. If we were to follow respondent’s argument to its logical conclusion, any party, other than a defendant, against whom a writ of attachment has been issued would be powerless to seek dismissal of an admittedly improvidently issued writ of attachment. In Hunt v. Fireman’s Fund Ins. Co., 345 So.2d 1235 (La.App. 1st Cir. 1977), in an automobile accident case the court was confronted with a question of jurisdiction over an out-of-state insurer where jurisdiction was sought (through a writ of attachment) of the proceeds of a liability insurance policy issued in the name of the defendant insured who was a non-resident of this state. The. insurer sought to dissolve the attachment. One of the questions raised in the Hunt case was whether the insurer, not a defendant in that case, was “without standing” to dissolve the attachment. In holding that the insurer had every right to move for dissolution of the writ of attachment, the Hunt court stated:
“While the policy does agree to pay certain sums up to its limits, and to defend Lindsey [defendant], U.S.A.A. is not required to pay until its insured is cast and it is not required to defend unless its insured is required to defend.... U.S. A.A. had every right to object to any effort to exercise jurisdiction over one of its policy holders and must be considered as a defendant within the meaning of C.C.P. art. 3506 with standing to seek dissolution of the subject writ of attachment.” (Underline ours.)
Although the Hunt case is factually distinguishable from ours, we are in agreement with the conclusion reached by the court that an insurer, though not a defendant, against whom a writ of attachment has been issued by virtue of the existence of an insurance policy, has a right to seek dissolution of the writ.
We do not find that First Nat. Bank v. Ft. Wayne Artificial Ice Co., 105 La. 133, 29 So. 379 (La.1900), is authority for respondent’s contention that our relator insurer is without standing to seek dissolution of the writ. In the cited Supreme Court case, the ownership of certain immovable property which had been sold by the defendant to a third party was attached by the plaintiff. The Supreme Court did say in that case that the third-party’s rights were confined to a proof of ownership of the property and not to the irregularity of the proceedings. However, this case is distinguishable from our case. The issue in the cited case was the ownership of property sought to be attached. Property has not been seized in our case.[3] The unclaimed proceeds of an insurance policy are sought to be attached. Our case is substantially and materially different from the cited case.
Accordingly, we. hold that relator, Sentry Insurance Company, is a proper party and has standing to move for dissolution of the Writ of Attachment. On the showing made in the application and response, we conclude the Writ of Attachment was erroneously and improvidently granted. Accordingly, it is ordered that the judgment of the trial court maintaining the Writ of Attachment is rescinded, annulled and set aside. The matter is remanded to the trial court for further proceedings consistent herewith.
*177 RESCINDED, ANNULLED, SET ASIDE AND REMANDED.
REDMANN, J., dissents and assigns reasons.

. LSA-C.C.P. Art. 3541(2) reads as follows: “Art. 3541. Grounds for attachment.
A writ of attachment may be obtained when the defendant:
******
(2) Has mortgaged, assigned, or disposed of his property or some part thereof, or is about to do any of these acts, with intent to defraud his creditors or give an unfair preference to one or more of them; * * * ”

. LSA-C.C.P. art. 3506 reads as follows:
“Art. 3506. Dissolution of writ; damages.
The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a recon-ventional demand. Attorney’s fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits.”

. LSA-C.C.P. arts. 1092 (In pertinent part), and 3509 read as follows:
“Art. 1092. Third person asserting ownership of, or mortgage or privilege on, seized property.
A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him injunctive relief to prevent such sale before adjudication of his claim of ownership. * * * ”
“Art. 3509. Release of property by third person.
When property seized under a writ of attachment or of sequestration is in the possession of one not a party to the action, he may intervene in the action and, upon prima facie showing that he is the owner, pledgee, or consignee of the property, have the property released by furnishing security in the manner and amount, within the same delay, and with the same effect as a defendant.”