**Marion Mary Fleury WERNER, et al.**

v.

**ILLINOIS CENTRAL GULF RAILROAD, Mobil Oil Company.**

**Civ. A. Nos. 81–947, 81–4061, 81–4447, 81–4981, 81–5093, 81–5095 and 81–5110.**

United States District Court, E.D. Louisiana.

Feb. 1, 1984.

John M. Brown, Brown, Williams & Tucker, Shreveport, La., for plaintiffs.

L.V. Cooley, Gordon, Arata, McCollam & Stuart, New Orleans, La., for defendant Mobil Oil Corp.

David S. Kelly, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, La., for defendant Illinois Central Gulf Railroad.

## MEMORANDUM DECISION

MENTZ, District Judge.

There are two motions pending before this Court. One is a motion to dismiss brought by Mobil Oil Corp. ("Mobil"). It seeks to have the claim of Rich's Bar against Mobil dismissed. The other motion, a motion for summary judgment, is brought by Illinois Central Gulf Railroad Company ("ICG"). Its purpose, too, is to have Rich's Bar's claim against ICG dismissed. These motions were taken under submission by the Court on January 30, 1984.

Rich's Bar was a limited partnership organized under the laws of the State of Louisiana. Its sole general partner was Richard Yesnach. Rich's Bar allegedly suffered damages when the building which housed the bar and the contents therein was destroyed by fire. The fire was ignited by an explosion that resulted from a collision between a Mobil tanker truck and an ICG train. Yesnach, who was inside the bar, died as a result of the fire. Pursuant to the terms of the partnership agreement, the partnership was terminated as of November 25, 1980, the date of Yesnach's

death. Subsequent to the termination of the partnership, Rich's Bar filed the instant lawsuit.

The defendants contend that Rich's Bar is not the "real party in interest." This contention is founded on the premise that the partnership ceased to exist prior to or contemporaneously with the occasion of the injury. Defendants further argue that regardless of when the injury occurred, the lawsuit was filed after the dissolution of the partnership. Consequently, the partnership lacked the procedural capacity to file suit on its behalf, and the proper parties to file suit were the individual partners. Of course, defendants claim that the individual partners' claims are now prescribed. The Court finds these arguments unconvincing.

■■■ First, the Court holds that Louisiana law permits a partnership to maintain an action to collect debts owed it, even after its technical termination. This is because a partnership maintains a fictional existence after termination to allow it to conclude its affairs. *Cambre v. St. Paul Fire and Marine Co.*, 331 So.2d 585 (La. App. 1st Cir.1976); *Johnson v. Iowa Rice Dryer, Inc.*, 226 So.2d 194 (La.App. 3d Cir. 1969) (Judge Tate) (dicta); *Duvic v. Home Finance Service*, 23 So.2d 790 (La.App.Orl. 1945). The court in *Cambre* stated:

> As a general rule, a dissolved partnership maintains a fictional existence with respect to its past transactions and existing assets, until its affairs are wound up and completed. It is also generally held that a dissolved partnership ceases to exist as a separate entity, nevertheless, it continues to exist fictionally for the liquidation of its affairs, the performance of existing contracts, *the collection of debts*, the payment of its obligations and the distribution of its assets according to the partnership agreement. (Emphasis added.) (Citations omitted.)

*Cambre*, 331 So.2d at 590. Since the partnership here is doing no more than attempting to collect its outstanding debts so that it can liquidate its assets, the Court believes that Rich's Bar is entitled to avail itself of the jurisprudential principle enunciated in *Cambre*. Indeed, it may very well be that the partnership is the only proper party plaintiff to maintain an action for damage to partnership property. *See Dalby v. United States Fidelity and Guaranty Co.*, 365 So.2d 568 (La.App. 1st Cir.1978).

■■■ While the Court's holding above effectively dispenses with the defendants' motion, the Court will, in an abundance of caution, allow the plaintiff, Rich's Bar, to file an amended complaint. The amendment to the complaint shall add the individual partners as alternate plaintiffs. The defendants' argument that such an amendment would be without practical effect is ill-founded. Fed.R.Civ.P. 17(a) states:

> ... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; *and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.* (Emphasis added.)

Thus, it is clear that the plaintiff's amendment would relate back to the original filing of the complaint. This result is just because if the plaintiff did err, the mistake was understandable. The Louisiana case law on this point is unsettled. *See* Wright & Miller, § 1555.

■■■ Finally, ICG contends that the Court is without subject matter jurisdiction to hear the claim of Russell B. Ricou (an owner of a limited partnership interest in Rich's Bar) for the loss of his pool table. The pool table is valued at $500.00. As noted above, the Court believes that Rich's Bar is the proper party to bring an action for damage to the partnership property. Thus, for this Court to hear the independent claim of Ricou, it must exercise its ancillary jurisdiction since Ricou's claim fails to meet the amount in controversy

requirement. Ricou's claim is closely related to that of the partnership. For the most part, both claims involve the same operative facts. Thus, even though the weight of authority suggests otherwise, the Court will extend its ancillary jurisdiction to hear Ricou's claim in order to promote judicial economy. This view, though a minority position, appears to be within the modern trend. *See* Wright & Miller, § 3704, n. 47.

Accordingly, Mobil's motion to dismiss and ICG's motion for summary judgment are denied. Rich's Bar is ORDERED to amend its complaint within three days of this date.