No. 2140.—HENRY SCHORTEN *v.* H. C. DAVIS and BROTHER.

To entitle the creditor to the remedy by attachment against a resident debtor, it must be shown that he is about leaving the State permanently:

A and B were engaged as partners in the planting business in 1866. C, a merchant, furnished their supplies. In 1867, they continued their account with C, who continued to supply them as partners. Held—That they were bound to C., as ordinary partners, for the supplies furnished, notwithstanding they may have dissolved the partnership as between themselves.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana, *Posey,* J. *Wedge & Lyons,* for plaintiff and appellant. *McVea & Hunter,* for defendants and appellees.

HOWELL, J. This is an attachment suit by a merchant, in the town of Baton Rouge, against the defendants, as agricultural partners in the parish of East Feliciana, for plantation supplies furnished. The defendants severed in their defense. The case was tried before a jury, who found a verdict dissolving the attachment, releasing John Davis from liability, making H. C. Davis responsible for the entire debt, and condemning plaintiff to pay all costs; and from a judgment thereon the plaintiff has appealed.

Two questions are presented by him for our consideration:

1. Was the attachment properly sued out?

2. Are the defendants liable as ordinary partners?

I. The facts do not, in our opinion, authorize the writ of attachment. There is no proof of any intention at the time of leaving the State permanently. On the contrary, they were making preparations for planting another crop.

II. As to the question of partnership, it seems that they had raised a crop as partners in 1866, and obtained supplies from plaintiff, for which a considerable balance remained unpaid, which constituted the first item of the account sued on; that on second February, 1867, they entered into a written agreement, by which H. C. Davis agreed to pay John Davis $250 to labor and superintend the farm of the former during the year; that plaintiff continued as usual to furnish supplies, charging them in his journal to H. C. Davis and Brother; that they sometimes went together with a wagon and sometimes separately to get the supplies; but it does not appear that plaintiff was ever notified of the dissolution of the partnership. On the contrary, he, his clerk and neighboring merchants seem to have considered the defendants still to be partners, and plaintiff dealt with them as such.

Under these circumstances he was clearly justified in believing them to be partners, and they are both as such to him whatever may have been the agreement between themselves. See Story on Partnership, §§ 54, 103; 4 R. 300; 5 L. 409; 14 A. 529; 18 A. 631.

It is therefore ordered that the judgment appealed from be reversed and the verdict set aside; and proceeding to give such judgment as

should have been rendered, it is ordered that there be judgment against plaintiff dissolving the attachment herein at his costs; and that he recover of defendants jointly the sum of $1040 51-100, with legal interest from December second, 1867, with costs of the main action in the lower court, and the costs of appeal.