HERGET, Judge.
Judgment was rendered in favor of The Vernon Company against defendants, Allie W. Adams, Sr., Allie W. Adams, Jr., and Louis J. Scricca, jointly, in the sum of $352.92 with interest at 6% from January 1, 1961 until paid and all costs of these proceedings, and further ordering that there be judgment in favor of Allie W. Adams, Sr. and Allie W. Adams, Jr., as third party plaintiffs against Louis J. Scricca as third party defendant in the sum of $235.28 with interest at 6% from January 1, 1961 until paid and, in addition, for two-thirds of the costs of these proceedings. Following a denial of a motion for a new trial Louis J. Scricca appealed.
The evidence reflects a commercial partnership was formed by Allie W. Adams, Sr., Allie W. Adams, Jr. and Louis J. Scricca known as A. & S. Cleaners. Under the articles of partnership Louis J. Scricca was specifically designated as the managing partner of said partnership with authority to call upon the Adams for advice when deemed necessary by him. In his capacity as manager, Scricca, on behalf of the partnership, ordered from the Plaintiff calendars for the year 1961. No question is raised as to the liability of the partnership to Plaintiff for said purchase nor was any issue raised as to the quantum. Accordingly, the only issue presented by this appeal is the liability of the individual partners for the judgment. LSA-C.C. Article 2867 specifically makes the partnership responsible for said obligation.
Plaintiff originally instituted suit against the Adams alone who filed an ex *543 ception of nonjoinder of an indispensable party. The Trial Court sustained this exception and ordered Scricca be made a party Defendant. We note that the A. and S. Cleaners partnership had been dissolved on September 21, 1960 prior to the date of the suit by Plaintiff and therefore Plaintiff may have sued any of the former partners. Scricca was not an indispensable party. Nonetheless, under the provisions of LSA-C.C.P. Articles 642 and 643 to avoid a multiplicity of suits, the Trial Court’s order was appropriate in making Scricca a party. However, this is of no moment as no issue was raised by Scricca who answered Plaintiff’s petition and denied any indebtedness to Plaintiff and, by third party action, prayed the Adams be held liable for the entire debt. To the third party action, the Adams filed exceptions of no cause or right of action, which were referred to the merits. We are of the opinion same should have been overruled inasmuch as by such pleadings opportunity is provided for eliminating a multiplicity of suits and for determination of indemnification and liability among joint obligors.
The judgment of the Trial Court was predicated upon its conclusion of the liability of the partnership and upon its opinion Scricca, by having ordered the calendars without the consent or knowledge of his co-partners, made himself responsible individually for the entire obligation as between the partners.
The evidence reflects upon the termination of the partnership of A. & S. Cleaners a new commercial partnership under the firm name of A. & A. Cleaners, composed of the two Adams, was created and in the agreement executed by Allie W. Adams, Sr., Allie W. Adams, Jr. and Louis S. Scricca. Scricca was paid $10,000 for his interest in the A. & S. Cleaners and in said agreement, which was by Notarial Act, it was provided in part :
“The said Allie W. Adams, Sr. and Allie W. Adams, Jr. do hereby accept the transfer and agree to assume all debts and liabilities of said A and S Cleaners as reflected by the books and records thereof and hereby agree to hold the said withdrawing partner free and harmless from any and all liability arising out of or in any way connected with the operation of the said A and S Cleaners.”
No fraud was charged to Scricca, nor does the evidence reflect he suppressed records as to the obligation due to Plaintiff.
The basis for the contention by the Adams of their nonliability for the account is predicated on their assertion they advised against expending so much money for calendars and on the further fact, a list of creditors prepared by an accountant allegedly from the records failed to reflect the indebtedness on which this suit was based. The dissolution of the partnership, however, was not predicated upon any list or special agreement in regard to the obligations of the partnership other than the notation which we have quoted in full from the act of dissolution and assumption. It is therefore obvious the Adams partners assumed whatever obligations A. and S. Cleaners owed to Plaintiff as a result of this contract and, accordingly, that portion of the judgment in favor of Allie W. Adams, Sr. and Allie W. Adams, Jr., against Louis J. Scricca is reversed at cost of Allie W. Adams, Sr. and Allie W. Adams, Jr., and Scricca is entitled to judgment in his favor against Allie W. Adams, Sr. and Allie W. Adams, Jr., for any portion of said judgment he is required to pay.
Accordingly, the judgment is recast and rendered in favor of The Vernon Company against the defendants, Allie W. Adams, Sr., Allie W. Adams, Jr. and Louis J. Scricca, jointly and in solido, in the full sum of Three Hundred Fifty-two and 92/100 ($352.92) Dollars, together with interest thereon at the rate of six (6%) per cent per annum from January 1, 1961 until paid, and for all costs of these proceedings; and it is further ordered, adjudged and decreed that there be judgment herein in *544 favor of Louis J. Scricca against Allie W. Adams, Sr. and Allie W. Adams, Jr., jointly and in solido, for any portion of said judgment he is required to pay.
Affirmed in part, reversed in part and rendered.