226 So.2d 194 (1969)
J. Howell JOHNSON, Plaintiff-Appellant,
v.
IOWA RICE DRYER, INC., Defendant-Appellee.
No. 2792.
Court of Appeal of Louisiana, Third Circuit.
August 7, 1969.
Rehearing Denied August 26, 1969.
*195 Jeron J. LaFargue, Sulphur, for plaintiff-appellant.
Charles S. King, Lake Charles, for defendant-appellee.
*196 Before TATE, FRUGE, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff sues to recover an amount allegedly due for supervision of certain construction work for defendant, as well as for reimbursement of certain expenses incurred in connection therewith. The plaintiff appeals from the dismissal of this suit upon the defendant's peremptory exception pleading no right of action (want of interest). LSA-CCP Art. 927(5).
The plaintiff's petition alleges a cause of action upon a written contract executed between the defendant, as Owner, and "John R. Hebert & Associates", as Architect. The latter was an ordinary partnership composed of John R. Hebert, an architect, and of the plaintiff Johnson, a contractor. After the contract was executed, this partnership was dissolved.
The chief issue of this appeal concerns whether the plaintiff Johnson, as ex-partner, has the right to institute suit upon this contract of the dissolved partnership.
The evidence taken on trial of the exception shows: Prior to the dissolution of the partnership, several payments were made for architectural services to the partnership. The last such payment was made in June, 1967. Commencing with construction in November 1967, all supervision services were performed by the plaintiff Johnson, and approximately thirty-five payments were made to him.
The defendant's president denies learning of the dissolution of the partnership until May of 1968, following which no further payments were made. (It was at this time that certain disagreements due to tardy completion of the work arose between the defendant and the plaintiff Johnson.)
The testimony of both of the ex-partners, namely the architect Hebert and the plaintiff Johnson, shows that they informally agreed to dissolve the partnership in August of 1967, just before actual construction commenced of the rice drier for the defendant. Between themselves, the partners agreed that Johnson was to inform the defendant's president of the dissolution and of Mr. Hebert's willingness for Johnson to perform all work under the contract and to receive the checks payable for the work. Johnson testified that, before construction commenced, he orally informed the defendant of this agreement between the partners, and that the substitution was acceptable to the defendant (although, as noted, this testimony is denied by the defendant).
In an excellent brief and argument, the defendant-appellee contends that the plaintiff partner is without interest to sue upon a partnership contract. Counsel points out that a partnership, not the partners, is the proper party to enforce a partnership obligation. LSA-CCP Art. 688; Modicut v. Rist, La.App. 1st Cir., 98 So.2d 268. The defendant-appellee further contends that the ex-partner Johnson could not be the owner of the partnership obligation by assignment from his ex-partner, because of a provision in the instant contract prohibiting assignment of an interest in it without written consent of the other party.
The evidence, however, discloses that the partnership has been dissolved by the consent of the partners. Upon dissolution of the partnership, the partners become owners in indivision of the partnership assets; and, in ordinary partnerships, each partner becomes liable for his virile share of the partnership debt, LSA-CC art. 2873. Furthermore, a partnership being a creature of contract, Civil Code Article 2803, may always be dissolved by unanimous consent of the parties.[1] Civil *197 Code Article 2876(5); Planiol, Civil Law Treatise, Volume Z, Section 1984 (LSCI translative, 1959).
The plaintiff Johnson as ex-partner therefore has an interest in the proceeds of the contract of the dissolved partnership. Accordingly, the exception of no right of action (the sole exception thus far filed) should be overruled, for this exception questions only whether the plaintiff has a legal interest in the subject matter of the litigation. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727; Bielkiewicz v. Rudisill, La.App.1st Cir., 201 So.2d 136.
Nevertheless, the defendant-appellee points out, even after termination, a partnership remains a legal entity for certain purposes for the purpose of liquidation. Duvic v. Home Finance Service, La.App. Orl., 23 So.2d 790. Cf., Harrison v. Frye, La.App. 1st Cir., 46 So.2d 382 (dicta). This may be so, but a former partner of a dissolved partnership is not deprived of his right or interest in partnership assets by reason of this jurisprudential principle, and no decision so holds.
We have thus found that the plaintiff ex-partner has a legal interest in the obligations due the dissolved partnership, so that the exception must be overruled. We therefore need not discuss at length the contention that he is barred from collecting the full proceeds due by the contract clause prohibiting assignment of the contract without written consent of the other party (i. e., the defendant). However, because on remand this may be an issue, we note that, if the plaintiff actually performed work and furnished supplies for which the defendant received the benefit, then he might nevertheless well be entitled to recover on a quantum meruit basis, if pleaded. Smith v. Town of Vinton, 216 La. 9, 43 So.2d 18. We also note that the contract clause might not prohibit assignments to successors or partners of the parties (as differentiated from third persons).[2]
Also, in connection with the remand, we deem it appropriate to note certain further contentions made here. The defendant-appellee suggests that the former partnership and the other former partner should preferably be parties, so as to liquidate all claims and liabilities upon the contract in a single suit. If so, since only a peremptory exception has thus far been filed and since there has been no answer or default, LSA-CCP Art. 928, joinder of these parties by timely filing of the dilatory exception urging non-joinder if a necessary party might secure their impleader. LSA-CCP Arts. 642, 926(8); cf., Vernon Company v. Adams, La.App. 1st Cir., 165 So.2d 541.
Although we reverse the dismissal of the suit, we have decided to exercise our discretion and to tax against the plaintiff-appellant the costs of the suit through the date of the trial court judgment. LSA-CCP Art. 2164. The plaintiff's pleadings sought recovery only upon the partnership contract, without alleging the dissolution and the purported assignment nor any quantum meruit recovery.
In the face of these pleadings, the defendant was entitled to question the plaintiff's right or interest in the suit, and it was not until the evidence produced at the trial of this exception that the plaintiff's *198 legal interest to recover as an expartner and/or assignee was shown. A dissolution of a partnership is ineffective as to third persons dealing therewith in the absence of particular notice to them, Schorten v. Davis and Brother, 21 La.Ann. 173, Denman v. Dosson, 19 La.Ann. 9, just as an assignment of a debt is ineffective as to the debtor in the absence of notice, Civil Code Articles 2643, 2644.
The exception is overruled, since its grounds may be removed by amendment alleging the assignment or quantum meruit or both in the alternative. LSA-CCP Art. 934. Nevertheless, the deficiencies in the original petition necessitated the evidentiary hearing and further pleadings. We deem it equitable, therefore, that the plaintiff-appellant should pay the costs of the trial court through the date of judgment appealed from.

Answer to the Appeal.
By its answer the defendant prays (a) that it be awarded expenses and reasonable attorney's fees arising from the plaintiff's failure to answer fully certain written interrogatories and (b) that it be awarded damages for frivolous appeal.
As to (a), the court may require the deponent to pay reasonable expenses and attorney's fees if a refusal to answer interrogatories is "without substantial justification." LSA-CCP Art. 1511. Here, however, the plaintiff timely attempted to answer the interrogatories. We do not find the answers made to be so insufficient as to amount to a refusal to discover sufficient to justify the cost of expenses and attorney fees.
With regard to (b), damages for frivolous appeal are not allowable unless it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious. Parker v. Interstate Life & Accident Ins. Co., 248 La. 449, 179 So.2d 634.

Decree.
For the reasons stated, the judgment of the trial court dismissing this suit is reversed, and this case is remanded for further proceedings consistent with the views above expressed; however, all costs of the proceedings through the judgment below are taxed against the plaintiff-appellant, with the cost of this appeal to be paid by the defendant-appellee.
Reversed and remanded.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] A partnership without stipulated time may also be dissolved by any partner alone, subject to certain conditions. Civil Code Articles 2884-2886, cited to us by the defendant-appellee. These provisions have no relevance here, however, for the present evidence shows that both partners agreed to the dissolution.
[2] Article 9 of the contract provides: "SUCCESSORS AND ASSIGNMENTS: The Owner and the Architect each binds himself, his partners, successors, legal representatives, and assigns to the other party to this agreement, and to the partners, successors, legal representatives and assigns of such other party in respect of all covenants of this agreement. Except as above, neither the Owner nor the Architect shall assign, sublet or transfer his interest in this agreement without the express written consent of the other." (Italics ours.)