KNOLL, Judge.
Russell J. Richard and Stephen R. Moore, Jr. filed separate suits against E.M. Le-Blanc, Jr., E.M. LeBlanc, III, and John F. O’Malley. The defendants-appellants were a partnership engaged in the accounting business, but prior to filing the suits the partnership was dissolved. Richard’s suit alleged that the dissolved partnership owed him a bonus for the years of 1976 and 1977 as the result of a profit sharing plan. Moore’s suit is identical to Richard’s except the amount the dissolved partnership owed Moore. The two suits were consolidated for trial.
The trial court held in favor of Richard and Moore, finding the partners to be liable, in solido, for the sums owed to Richard and Moore in 1976. Richard was granted the sum of $1,008.62 and Moore the sum of $2,521.00.
The defendants-appellants perfected this appeal. The plaintiffs-appellees have not answered the appeal. They have abandoned their claims for sums allegedly due them for 1977.
The issues presented on appeal are common to both cases and will be disposed of in the Moore case with a separate decree to be rendered in the Richard case.
The defendants have presented the following specification of errors: (1) the partners are not individually liable to fund the profit sharing plan and to make payments out of profits which did not exist, and, if they are liable, they are not liable in solido *341 but only for their virile share; (2) the partners may plead discussion of the assets of the partnership; (3) the partnership is an indispensable party to the suit and, (4) any amount due to Stephen R. Moore, Jr. should be reduced by $300.00.
FACTS
The plaintiffs are professional accountants who were employed by the partnership during the years of 1975, 1976, and 1977. The plaintiffs’ employment contracts did not provide for overtime pay. To compensate the plaintiffs for overtime worked, a profit sharing plan was developed providing that thirty percent of the firm’s profits, after the partners’ annual compensation, would be divided among those staff members who were not paid overtime. The partners’ annual compensation was $54,-000.00.
In 1975 the plaintiffs, and other staff members, were given bonuses under the profit sharing plan. This was done even though the profits of the partnership were approximately $51,500.00, below the $54,-000.00 requirement under the plan.
At the end of 1976 the plaintiffs were told by the defendants specific amounts they would receive as a bonus. The profits for the partnership in 1976 were approximately $40,000.00. There was no cash basis to pay a bonus under the plan, but a profit was anticipated on accounts receivable. The distributions were calculated on an accrual method.
In 1975 distributions were made under the profit sharing plan even though there was no cash basis for the distributions. In 1976 the plaintiffs were informed that no cash was available for distributions, but the amounts they were to receive were computed on an accrual method. The plaintiffs were promised specific amounts for the overtime that they worked during the year. We find a valid obligation existed on the part of the partnership to pay.
PARTNERSHIP’S OBLIGATION TO PAY
An obligation existed to pay the members of the profit sharing plan for overtime and extra services performed in 1976. Once the defendants acknowledged this obligation, it served as sufficient consideration for a contract.
The appellants contend that the accounts receivable were to be collected before their promise would result in a binding obligation. The appellees contend that they were to be paid when cash became available, and, there was no mention of any specific accounts receivable. The trial court found Moore and Richard were promised by the appellants specific amounts under the profit sharing plan which resulted in a binding obligation to the appellees. On appellate review, the trial court’s factual findings are entitled to great weight and they will not be disturbed unless clearly wrong. We do not find any abuse of the trial court’s discretion.
It is well established that members of an ordinary partnership are not bound in solido for partnership debts. Each partner is bound only for his virile share of the debt. Cortiza v. Rosenblat, 291 So.2d 425 (La.App. 4th Cir.1974). LSA-C.C. Arts. 2872 and 2873 (La.C.C. of 1870),[1] in effect at the time of this suit, provided:
“Art. 2872. Ordinary partners are not bound in solido for the debts of the partnership, and no one of them can bind his partners, unless they have given him power so to do, either specially or by the articles of partnership.
Commercial partners are bound in solido for the debts of the partnership”.
“Art. 2873. In the ordinary partnership, each partner is bound for his share of the partnership debt, calculating such share in proportion to the number of the partners, without any attention to the proportion of the stock or profits each is entitled to.”
The trial court’s judgment held each partner liable in solido for the entire sum owed to the plaintiffs. In accordance with the *342 jurisprudence and LSA-C.C. Arts. 2872 and 2873 we find the partners are not liable in solido, but only for their virile share.
PLEA OF DISCUSSION
The appellants contend that their right to raise the defense of discussion in accordance with LSA-C.C. Art. 2817 was not waived by their failure to raise it as a dilatory exception. This contention is contra to LSA-C. C.P. Arts. 926 and 928.

Art. 926

“The objections which may be raised through the dilatory exception include, but are not limited to, the following: .. (9) Discussion.
All objections which may be raised through the dilatory exception are waived unless pleaded therein.”

Art. 928

“The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or. in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.... ”
The jurisprudence is in accordance with the above civil procedure articles. Trinity Universal Insurance Company v. Good, 202 So.2d 379 (La.App. 4th Cir.1967) provides: “Discussion may be pleaded by dilatory exception but must be pleaded prior to answer or judgment by default”.
If the plea is not raised prior to answer or judgment by default it will be considered as waived. Therefore, the appellants’ failure to raise the defense of discussion of the partnership’s assets prior to answer precluded them from raising it at trial or on appeal.
INDISPENSABLE PARTY
The nonjoinder of the partnership as an indispensable party is a peremptory exception which may be noticed by the appellate court sua sponte. LSA-C.C.P. Art. 927. The appellants are requesting that we notice their exception.
LSA-C.C.P. Art. 737 provides in part: “... The partners of an existing partnership may not be sued on a partnership obligation unless the partnership is joined as a defendant.”
The article provides that a partnership is an indispensable party in a suit against the partners for a partnership obligation. Stone v. Stone, 293 So.2d 523 (La.App. 4th Cir.1974).
In the instant case, the partnership was dissolved in 1977 and a new partnership formed prior to the date of the suits. A dissolved partnership maintains its existence with respect to its past transactions and existing assets, until its affairs are completed. However a creditor may choose to sue the partners upon dissolution of the partnership since the liability of each partner for the partnership’s obligations is fixed at the time of dissolution. Vernon Company v. Adams, 165 So.2d 541 (La.App. 1st Cir.1964); Cambre v. St. Paul Fire and Marine Insurance Co., 331 So.2d 585 (La. App. 1st Cir.1976). Writs denied, 334 So.2d 434 (La.1976). Therefore, we will not take notice of the peremptory exception of non-joinder of the partnership as an indispensable party.
AMOUNT OF DEBTS
The judgment of the trial court granted Stephen R. Moore, Jr., $2,521.00. It has been stipulated by the parties that this amount should be credited by $300.00 for a debt he owed the firm. We find that Moore’s award should be reduced to $2,221.00.
DECREE
For the above and foregoing reasons, the judgment of the trial court is amended and recast to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Stephen R. Moore, Jr., and against defendants, E.M. LeBlanc, Jr., E.M. LeBlanc, III and John F. O’Malley, each for their virile *343 share, in the sum of $2,221.00 with legal interest from date of judicial demand until paid.
It is further ordered, adjudged and decreed that the defendants pay all costs of court.
AFFIRMED IN PART, REVERSED IN PART, AMENDED AND RENDERED.
GUIDRY and STOKER, JJ., concur in results.

. Act 1950 of 1980 re-vamped the Code articles on partnership. See LSA-C.C. Art. 2817.