544 So.2d 25 (1989)
KOPPERS COMPANY, INC.
v.
MACKIE ROOFING AND SHEET METAL WORKS.
KOPPERS COMPANY, INC.
v.
James MACKIE and Willie Mackie.
Nos. 88-CA-2450, 88-CA-2451.
Court of Appeal of Louisiana, Fourth Circuit.
May 9, 1989.
William Noland, New Orleans, for appellees.
D. Michael Dendy, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for appellant.
Before SCHOTT, C.J., and LOBRANO and ARMSTRONG, JJ.
LOBRANO, Justice.
Plaintiff, Koppers Company, Inc. (Koppers) appeals the granting of a res judicata exception in favor of defendants, James Mackie, Willie Mackie and the ordinary partnership Mackie Roofing and Sheet Metal Works (Mackie Roofing) in which James and Willie Mackie are partners. The trial court judgment dismisses both the partnership and the individual partners.
*26 Initially, Koppers sued Mackie Roofing (CDC case numbered 86-6902) on open account. The partnership was the only defendant in that suit. Koppers moved for, and obtained, a summary judgment in that matter for the sum of $9,960.68 subject to a credit of $2,000.00. No appeal was taken from that judgment, and therefore it is final.
Subsequently Koppers filed the instant suit against the individual partners seeking judgment for their virile share of the partnership debt. The partners filed an exception of failure to join an indispensable party and res judicata. Koppers amended their petition to again name the partnership as a defendant. The partners then reasserted their exception of res judicata.
In maintaining the exception and dismissing Koppers' suit as to all defendants, the trial court reasoned:
"The Court is of the opinion that the doctrine of Res Judicata bars a second suit against the partnership, Mackie Roofing and Sheet Metal Works, Inc. Article 737 of the Louisiana Code of Civil Procedure provides:
`A partnership has the procedural capacity to be sued in its own name. The partners in an existing partnership may not be sued on a partnership obligation unless the partnership is joined as a defendant.'
Plaintiff is barred from adding the partnership, Mackie Roofing and Sheet Metal, Inc. [sic] to this litigation, therefore it cannot sue the partners on the partnership obligation."
Koppers appeals the trial court's ruling.
The trial court was correct in holding that the claim against the partnership is barred by res judicata. Koppers already has a judgment against that entity. However the court erred in its application of Article 737 of the Code of Civil Procedure. The dismissal of Koppers' claim against the individual partners must be reversed.
Code of Civil Procedure Article 737, cited above, is in accord with Civil Code Article 2817 which provides that "[a] partnership as principal obligor is primarily liable for its debts," and that the partner, who is secondarily liable, may plead discussion of the partnership assets. The clear intent of both articles is that a partnership creditor must first exhaust his rights against the partnership before he proceeds against the individual partners. However, there is no requirement that the partners be named defendants in the suit against the partnership. Article 737 requires only the converse.
Prior to filing the instant suit, Koppers had already obtained a judgment against the partnership. Their present suit seeks redress against the individual partners for their virile share of the partnership debt. Although, as a practical matter, it may have been more economical and expedient to have joined the partners in the first suit, the intent of the law has been satisfied in that recovery was first sought against the primary debtor, the partnership.
The trial judge was correct in maintaining the res judicata exception as to the partnership. Clearly the requirements of La.R.S. 13:4209 are satisfied. However, when the court also dismissed the partners, the proverbial "catch 22" situation was created. The effect of that ruling is that the partners may never be called upon to satisfy their secondary obligation. Thus, if allowed to stand, the trial court's ruling would make it mandatory that the partners be named as defendants every time a partnership is sued. This is not the law's intent.
Although the individual partners in this litigation may plead discussion as an affirmative defense, their dismissal from these proceedings must be overturned. Accordingly, we affirm the dismissal of the partnership from this litigation, but reverse the dismissal of the individual partners. All costs of this appeal to be borne by appellees.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.