712 So.2d 716 (1998)
BRACKLEY & VOELKEL CONSTRUCTION, INC. d/b/a Brackley & Yarnick Construction, Inc.
v.
3421 CAUSEWAY, LTD., A Louisiana Limited Partnership, James M. Gibbs, II and Harry P. Gamble, IV.
No. 98-CA-134.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
Stephen R. Rue, Stephen R. Rue & Associates, Kenner, for Plaintiff/Appellant.
George L. Gibbs, Leefe, Gibbs & Koehler, Metairie, for Defendants/Appellees.
*717 Before GAUDIN, WICKER and CANNELLA, JJ.
WICKER, Judge.
Plaintiff appeals judgment in its favor in this suit for breach of contract and for enforcement of a contractor's lien, arguing the trial court erred in failing to find liability against the general partners of 3421 Causeway, Ltd., a limited liability partnership ("Causeway"). We affirm in part, reverse in part and render.
The lawsuit arises out of a claim for breach of contract by Brackley & Voelkel, Inc. d/b/a Brackley & Yarnick Construction, Inc. ("B & V") alleging that Causeway and its general partners, James M. Gibbs II and Harry P. Gamble IV, contracted with B & V to perform renovations and construction on the partnership's building at 3421 North Causeway Boulevard in Metairie, that the contract prices totaled $320,665.00, that defendants paid only a portion of the amounts due, and that defendants are liable to plaintiff for the remaining sum of $160,770.00 plus interest and attorney's fees.
Subsequent to filing of the suit, Causeway filed for Chapter 11 bankruptcy and the bankruptcy court issued an order accepting a plan of reorganization drafted by the major creditors. After receiving partial payment of its claim from the bankruptcy court, however, plaintiff continued to pursue its claims against both the partnership and the general partners. The partnership has not raised the Chapter 11 proceeding as a bar or defense to the claims made in this suit.
Gibbs and Gamble filed a motion for summary judgment, contending that plaintiff's claims against them had been settled and compromised by plaintiff's acceptance of a promissory note for $176,354.00 which specifically relieved the partners of personal liability. Summary judgment was denied.
Following trial on the merits the district court rendered judgment in favor of plaintiff and against defendant Causeway, awarding plaintiff $66,912.55 plus legal interest from date of judicial demand, contractual interest at the rate of one-and-one-half percent per month, and costs. The judgment dismissed plaintiff's claims against Gibbs and Gamble with prejudice. As noted above, plaintiff has appealed.

FACTS
The chief witness for plaintiff was Patrick Brackley, president and sole stockholder of Brackley & Voelkel, Inc. He testified that B & V entered into two contracts with Causeway, one for the "Louisiana Federal project" and one for the "first floor lobby" project, both regarding renovations to be done to the building at 3421 N. Causeway Boulevard. The documents entered into evidence as proof of plaintiff's claims consisted variously of contracts, change orders, correspondence, invoices, copies of checks, etc. Brackley stated the total amount unpaid under the contracts was $160,770.00. He acknowledged that B & V had been notified that Causeway had filed for Chapter 11 Reorganization in bankruptcy court and he identified B & V's proof of claim in the amount of $160,770.00 filed in the bankruptcy proceeding. He acknowledged that B & V received $20,096.95 from the bankruptcy court as well as several payments of $9,917.30 after the filing of the petition in this case.
Brackley testified that several times Gibbs and Gamble presented him with written proposals to settle the debt with B & V, but he never agreed to any of the compromises. He also acknowledged that the documents his attorney submitted in evidence included a photocopy of a promissory note in the amount of $176,354.00 from Causeway, which contained a clause releasing the general partners from liability. He stated, however, that he never signed the promissory note nor did he have the original of it. Further, he never signed any other document Causeway or the partners sent him to attempt to settle the claim.
On cross-examination Brackley acknowledged there were many change orders on the project, which he stated were mostly given to him verbally by Carlos Zervigon, whom he described as the project manager for Causeway. He admitted the change orders were not signed by anyone on behalf of Causeway. He stated, however, that there was never any contest or issue made over the changes. *718 Questioned regarding the promissory note, he stated he did not have the original of the note; as far as he knew, the copy placed in evidence was a copy sent to his attorney by counsel for defendants. He reiterated that he never agreed to any of the attempts by Causeway (via Gibbs and Gamble) to settle B & V's claim for a reduced amount.
Plaintiff next called James Gibbs to testify. Gibbs stated he is a general partner of 3421 Causeway, Ltd. and identified Carlos Zervigon as a limited partner. He stated, however, that Zervigon had no authority to sign contracts. He acknowledged he had no recollection of ever objecting to any of the change orders, either orally or in writing. He admitted that all work done by plaintiff at the building was for the financial benefit of the partnership. He also admitted he was aware of the liens B & V filed against the property, but neither he nor the partnership took any action to have them removed. He admitted he was aware of the work that was done while it being performed and that he told Brackley he would be paid for the work that was completed.
Gibbs stated that the original of the promissory note was given to Brackley, together with a check for $70,500, following a meeting between Gibbs, Gamble and Brackley. Gibbs said they told Brackley that the promissory note would be paid out of the partnership's cash flow. Gibbs acknowledged, however, they never obtained Brackley's signature on any documents setting forth such an agreement. Gibbs said he believed at the time that they had an understanding as to settlement of the remainder of the debt.
Plaintiff next called Harry Gamble to the stand. Gamble testified he is a general partner of 3421 Causeway, Ltd. He admitted he never made any written or oral objection to the work done at the location or to the invoices. He said that Jim Gibbs was more involved in management of the project than he was. He didn't feel they had any contract with Brackley so he didn't feel there was any modification necessary. He stated that Zervigon had executed contracts without his knowledge. He testified that Zervigon is a limited partner of Causeway, as well as an employee of Investprop, but he never had any authority to execute documents on behalf of Causeway.
Gamble testified that at the end of the project there were a number of people who did not get paid, including the architect, another contractor who worked on other parts of the building, and various other subcontractors and contractors who performed services to the partnership. They executed promissory notes to all these creditors, including with each note a large lump sum of cash. Those parties were paid on the notes until Causeway filed for bankruptcy. All the notes included waivers of personal liability as to Gamble and Gibbs.
The defense presented no witnesses.
After taking the matter under submission the trial court rendered judgment finding the partnership liable to plaintiff in the sum of $66,912.55, but dismissing plaintiff's claims against Gibbs and Gamble individually. The court did not issue reasons for judgment.
On appeal, plaintiff's only assignment of error is that the trial court erred in failing to hold the general partners liable for the damages due plaintiff. Plaintiff makes no specific assignment challenging the amount of the award made by the trial court. Although plaintiff's brief sets forth amounts plaintiff claims are due, seemingly challenging the trial court's calculations, the conclusory paragraph of plaintiff's brief asks only that the general partners be held liable with the partnership. Accordingly, we conclude that the only relief sought by plaintiff on appeal is a finding of liability against the general partners.

LAW
A partner is bound for his virile share of the debts of the partnership. La. Civ. Code Art. 2817. It appears, however, that the trial court found that Brackley reached an oral agreement with Gibbs and Gamble to compromise B & V's claim by accepting the $70,500.00 check and the promissory note excluding liability of the general partners. That is the only basis we can find for his absolving the partners of liability.
We conclude the trial court was clearly wrong, however, in making such a finding. *719 First, such an agreement would require a what is traditionally called a "meeting of the minds":
A contract is formed by the consent of the parties established through offer and acceptance.
Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.

Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made. [Emphasis added.]
La. Civ.Code Art. 1927.
We find it clear that the parties did not agree. Gibbs and Gamble offered the $70,500.00 check, the promissory note, and a document titled "Contract Settlement Agreement." Brackley refused to sign the agreement settling his claim and insisted on being paid. Gibbs and Gamble gave him the check despite his refusal to sign the settlement agreement. (They assert they also gave him the promissory note, although Brackley denies the latter.) Under the circumstances we find that Brackley's behavior was not "clearly indicative of consent."
Further, an agreement designed to prevent a lawsuit or to put an end to one already filed must either be reduced to writing or recited in open court and capable of being transcribed. La. Civ.Code Art. 3071. Absent Brackley's signing the settlement agreement, no such writing exists. Hence there was no enforceable compromise.
"A partnership as principal obligor is primarily liable for its debts. A partner is bound for his virile share of the debts of the partnership but may plead discussion of the assets of the partnership." La. Civ.Code Art. 2817. The partners of an existing partnership may not be sued on a partnership obligation unless the partnership is joined as a defendant. La.Code Civ. P. Art. 737.
Thus, the partnership as a business entity is primarily liable and the individual partners' liability normally only comes into existence when and if the partnership becomes insolvent. Stone v. Stone, 293 So.2d 523, 525-526 (La.App. 4 Cir.1974). "The clear intent of both articles [La Code Civ. P. Art. 737 and La. Civ.Code Art. 2817] is that a partnership creditor must first exhaust his rights against the partnership before he proceeds against the individual partners." Koppers Co., Inc. v. Mackie Roofing and Sheet Metal Works, 544 So.2d 25, 26 (La.App. 4 Cir.1989).
Since a partnership is primarily liable for its debts, where the partner who is sued with it has pleaded discussion, the creditor may be prohibited from enforcing judgment against the partner until the partnership has been cast in judgment and the partnership assets prove insufficient to satisfy the judgment. Falcon Drilling Co., L.P. v. Transamerican Energy, Ltd II, 622 So.2d 745, 748 (La.App. 3 Cir.1993).
"Discussion is the right of a secondary obligor to compel the creditor to enforce the obligation against the property of the primary obligor or, if the obligation is a legal or judicial mortgage, against other property affected thereby, before enforcing it against the property of the secondary obligor." La. Code Civ. P. Art. 5151. Discussion must be specifically pleaded as a dilatory exception, which is waived if not raised prior to answer or judgment by default. La.Code Civ. P. Arts. 926, 928; Moore v. LeBlanc, 430 So.2d 339, 342 (La.App. 3 Cir.1983).
In this case the individual partners, Gibbs and Gamble, failed to file any dilatory exception prior to filing their answer. Accordingly, they must be deemed to have waived the benefit of discussion if found liable to plaintiff for their virile shares of the debt as provided in Art. 2817.
Nor do we find that the promissory note absolved them of liability for this debt. This is not a suit to enforce the promissory note. Rather, it is a suit to enforce a debt of the partnership and, by law, the general partners also are liable. In the absence of any agreement executed in connection with the promissory note, there is nothing to tie the note to this suit or to prevent plaintiff from pursuing *720 his rights against the partners as well as against the partnership.
Accordingly, we find the general partners are liable for their virile shares of this partnership debt, as provided by La. Civ.Code Art. 2817.

DECREE
For the foregoing reasons, the judgment of the district is reversed insofar as it found no liability against the general partners individually. In all other respects the judgment is affirmed. Judgment hereby is rendered in favor of plaintiff, Brackley & Voelkel Construction, Inc. d/b/a Brackley & Yarnick Construction, Inc., and against defendants, 3421 Causeway, Ltd., a Louisiana Limited Partnership, James M. Gibbs II and Harry P. Gamble IV, in the amount of Sixty-six Thousand Nine Hundred Twelve and Fifty-five Hundredths ($66,912.55) Dollars, with contractual interest at the rate of one-and-one-half percent (1-½ %) per month, legal interest from the date of judicial demand, and costs.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.